IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>)  No: |
| v. | )<br>) |
| YORK PUBLIC ADJUSTER & APPRAISAL SERVICE, L.L.C., GARRET YORK, PARKER BANE, ANGIE BANE, ADAM REEVES, 20958 L.L.C., REEVES FARM L.L.C., AND 29 FARMS L.L.C., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

NOW COMES Plaintiff, ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY, by and through its attorneys, and pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §2201, for its Complaint for Declaratory Judgment against Defendants, Parker Bane, Angie Bane, Adam Reeves, 20958 L.L.C., Reeves Farm L.L.C., and 29 Farms L.L.C., states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 based on diversity of citizenship between the Plaintiff and Defendants.

2. The matter in controversy in this cause exceeds $75,000.

3. Venue is proper in this matter pursuant to 28 U.S.C.A. §1391 because certain events giving rise to this matter occurred in this judicial district and the Defendants are subject to the personal jurisdiction of this Court.

## THE PARTIES

4. Plaintiff, Allmerica Financial Benefit Insurance Company ("Allmerica Financial" or "Allmerica") is a Massachusetts corporation with a principal place of business in Worcester, Massachusetts. Therefore, Allmerica Financial is a citizen and resident of the state of Massachusetts.

5. Defendant, York Public Adjuster & Appraisal Service, L.L.C. ("York') is an Illinois limited liability company with a principal place of business in Bloomington, Illinois. Upon information and belief, Garret York, an Illinois resident, is the sole member of the L.L.C. Therefore, York is a citizen and resident of the states of Delaware and New York.

6. Defendant, Garret York is a citizen and resident of the state of Illinois.

7. Upon information and belief, Defendants Park Bane and Angie Bane are citizens and residents of McLean County, Illinois. The Banes are joined in this suit as necessary party defendants.

8. Upon information and belief, Defendant Adam Reeves is a citizen and resident of the McLean County, Illinois. Reeves is joined in this suit as a necessary party defendant.

9. Upon information and belief, Defendant 20958 L.L.C. is an Illinois limited liability company, and each member of the limited liability company is a citizen and resident of Illinois. 20958 L.L.C. is joined in this suit as a necessary party defendant.

10. Upon information and belief, Reeves Farm L.L.C. is an Illinois limited liability company, and each member of the limited liability company is a citizen and resident of Illinois. Reeves Farm L.L.C. is joined in this suit as a necessary party defendant.

11. Upon information and belief, 29 Farms L.L.C. is an Illinois limited liability company, and each member of the limited liability company is a citizen and resident of Illinois. 29 Farms L.L.C. is joined in this suit as a necessary party defendant.

## THE ALLMERICA FINANCIAL POLICY

12. Allmerica Financial issued Hanover Small Commercial Policy no. Z2CH988722 00 to York Public Adjuster & Appraisal Service L.L.C., Bloomington, Illinois, for the policy period of April 5, 2022 to April 5, 2023 ("Allmerica Policy"). The Allmerica Policy has limits of liability for Bodily Injury and Property Damage Liability in the amount of $1,000,000 per occurrence and $2,000,000 in the aggregate. A true and accurate copy of the Allmerica Financial Policy is attached hereto as Exhibit A.

## UNDERLYING CLAIMS

### *Bane Lawsuit*

13. On June 9, 2022, Parker Bane and Angie Bane filed civil action no. 2022LA0000074 in the Eleventh Judicial Circuit Court, McClean County, Illinois ("the Bane Lawsuit"). The Defendants include York Public Adjusting & Appraisal Services, Inc., Garret York, and Iron Roofing, Inc. f/k/a Power Exteriors. A true and accurate copy of the Bane Lawsuit is attached hereto as Exhibit B.

14. The Banes assert five causes of action against the Insured Defendants: Breach of Contract (Count I); Breach of Implied Warranty to Perform In A Workmanlike Manner (Count II); Breach of Implied Warranty of Habitability (Count III); Violation of Consumer Fraud and Deceptive Business Practices Act Pursuant to the Home Remodeling Act (Count IV); and Violation of Consumer Fraud and Deceptive Business Practices Act (Count V)

15. The Banes allege that on May 18, 2020, they entered into a written contract with Defendant York Public Adjusting to assist them in connection with an insurance claim for wind damage that occurred on December 27, 2018 and November 25, 2019 to their home at 19706 North 2300 East Road, Towanda, Illinois. The contract purportedly provided that York would be paid 15% of any insurance proceeds, which amount would be waived if Plaintiffs agreed to use the contractor selected and recommended by York.

16. The Banes allege that on May 4, 2021, they entered into a construction contract with Power Exteriors. They allege that Power Exteriors and York Public Adjusting have a business arrangement and/or are related entities and/or share common ownership and that they would not have entered into a contract with Power Exteriors but for the recommendations and actions taken by the York Defendants.

17. The Banes alleges that that Power Exteriors performed repair and restoration work to their home from May 2021 to August 24, 2021, but that the work was defective. They allege that the costs to have a third party contractor redo the allegedly defective work are in excess of $90,000.

18 The Banes allege that York and its agents breached the Public Adjusters Law of Illinois by failing to provide required disclosures and contractual language, and acting with a conflict of interest. Plaintiffs further allege that the Public Adjuster's Law states that if the public adjuster refers the insured to a contractor, it warrants that all work will be performed in a workmanlike manner and conform to all statutes, ordinance and codes.

19 Plaintiffs further allege that their insurer issued a check in the amount of $51,943.47, which funds were improperly retained by the York Defendants. They allege that

the York Defendants paid Power Exteriors without their authority, then kept the remainder of proceeds.

20. In Count I, Breach of Contract, Plaintiffs allege that York's contract with the Plaintiffs did not meet the requirements provided by the Public Adjusters Law, and that, as a direct and proximate result of the Defendants' conduct and the unacceptable quality of the work performed by Power Exteriors, Plaintiff was forced to take emergency action to repair the defects, and must completely tear out and dispose of the faulty and defective work product in the future.

21. In Count II, Breach of Implied Warranty to Perform in a Workmanlike Manner, Plaintiffs allege that pursuant to the Public Adjuster's Law, York and Garret York warranted that all work would be performed by Power Exteriors in a workmanlike manner, which did not occur. They allege that the Defendants have refused to repair or compensate them for the defective work, requiring them to take emergency action to repair the defects, and to completely tear out and dispose of the faulty and defective work product in the future.

22. In Count III, Breach of Implied Warranty of Habitability, Plaintiffs allege that Illinois law implies a warranty of habitability in every construction contract for a significant remodel/restoration of a residential home. They allege that that the defective work of Power Exteriors contains latent defects, causing them to take emergency action to repair the defects, and to completely tear out and dispose of the faulty and defective work product in the future.

23. In Count IV, Violation of the Illinois Consumer Fraud And Deceptive Business Practices Act Pursuant to the Home Repair And Remodeling Act, Plaintiffs allege that Power Exteriors entered into a written contract to perform home repair and remodeling for Plaintiffs, and York held itself out as affiliated with Power Exteriors – thereby rendering York a contractor

for purposes of the Home Repair and Remodeling Act.  Plaintiffs allege that Defendants failed to provide Plaintiff with the consumers rights brochure required by Illinois statute, failed to provide proof of insurance, and did not maintain insurance on the work, as required.  Plaintiffs allege that the work was substantially defective, entitling them to damage for the violations of the statute, and actual damages.

24. In Count V, Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiffs allege that the York Defendants and Power Exteriors misrepresented the quality of the work product and materials used so as to induce Plaintiffs to sign the Power Exteriors contract, and to pay Power and York.  Plaintiffs allege that the Defendants' alleged misrepresentations and knowing violations of the Home Repair and Remodeling Act constituted intentional and deceptive, fraudulent or unfair business practices in violation of the Consumer Fraud Act.  Plaintiffs seek actual damages and attorney fees.

*Reeves Lawsuit*

25. On July 8, 2022, Adam Reeves, 20958 L.L.C., Reeves Farm L.L.C., and 29 Farms L.L.C. filed civil action no. 2022MR000114 against York Public Adjusting & Appraisal Services, L.L.C. and Garret York in the Eleventh Judicial Circuit Court, McLean County, Illinois ("the Reeves Lawsuit").  A true and accurate copy of the Reeves Lawsuit is attached hereto as Exhibit C.

26. Plaintiffs assert three causes of action against the Defendants:  Declaratory Relief (Count I);  Rescission (Count II); and Breach of Fiduciary Duties (Count III).

27. Plaintiffs allege that on September 28, 2020, Plaintiff 20958 L.L.C. entered into a written contract with York Public Adjusting to assist it in connection with an insurance claim with Auto-Owners Insurance Company for wind and hail damage that occurred on July 11, 2020

to a machine shed, primary residence and rental home at 20488 N. 1900 E. Road, Towanda, Illinois. The contract purportedly provided that York would be paid an amount equal to the applicable insurance deductible.

28. Plaintiffs further allege that on September 28, 2020, Adam Reeves entered into a written contract with York Public Adjusting to assist him in connection with an insurance claim with Indiana Farms Mutual Insurance Company for wind and hail damage that occurred on July 11, 2020 to a machine shed, primary residence and rental home at 20488 N. 1900 E. Road, Towanda, Illinois. The contract also purportedly provided that York would be paid an amount equal to the applicable insurance deducible

29. Plaintiffs allege that after the contracts were executed by Adam Reeves, York altered the contracts to include a 25% adjusting fee, which would be waived if they used Power Exteriors, a contractor recommended by York. Plaintiffs allege that at no time did York offer a written contract to Reeves Farm L.L.C. or 29 Farms, L.L.C., with respect to the property.

30. Plaintiffs allege that Indiana Farms issued a check in the amount of $105,327.76, which was retained by York. Plaintiffs allege that York paid $81,502.47 for the funds to Power Exteriors, despite none of the Plaintiffs having entered into a build contract with Power Exteriors. Plaintiffs allege that Power Exteriors refunded them the amounts, but that York wrongly retained the remaining $23,825.29.

31. Plaintiffs allege that Auto-Owners issued checks for $1,259.86 and $3,342.20, and also paid those funds to Power Exteriors, despite Plaintiffs not having entered into a build contract with Power Exteriors. Plaintiffs allege that York wrongfully retained 25% of the proceeds.

32. Plaintiffs allege that York breached the Public Adjusters Law of Illinois by failing to enter into any contract with Reeve Farms L.L.C. or 29 Farm L.L.C., and by adding to and/or altering the contracts with 20958 L.L.C. and Adam Reeves. Plaintiffs further allege that after they put Defendants on notice of their alleged breaches, Defendants responded by terminating the contracts, and advising Plaintiffs that they could handle their own claims. Plaintiffs allege that the Defendants continue to refuse to release Plaintiffs' funds or release them from the contracts as needed for Plaintiffs to work directly with their insurers, rendering them unable to timely complete adjustment of their claims within the terms of their insurance policies.

33. In Count I, Declaratory Relief, Plaintiffs seek a declaratory judgment that the public adjuster contracts are rescinded and void *ab initio*, In Count II, Rescission, Plaintiffs seek to rescind the contracts, based upon misrepresentations and/or omissions of material facts concerning the public adjusting services provided to Plaintiffs. For both, Plaintiff seeks a declaration of rescission and an order requiring Defendants to return any and all funds.

34. In Count III, Breach of Fiduciary Duties, Plaintiffs allege that the Defendants have failed to perform so as to allow them to timely move forward with adjusting their claims and the necessary repair work, rendering them unable to compete the repair and replacement within two years from the loss events. Plaintiffs allege that, as a result, they have been forced to commence litigation against their insurers. Plaintiffs seek a judicial declaration that they have complied with the terms of the contracts, and that Defendants have a continuing obligation pay additional sums due them as construction and repairs continue to progress.

35. Allmerica Financial contends it has no obligation to defend or indemnify York or Garret York against the *Banes* Lawsuit. Allmerica Financial also contends it has no obligation to defend or indemnify York or Garret York against the *Reeves* Lawsuit. York and Garret

York contend that Allmerica Financial has an obligation to defend and indemnify them against the *Banes* and *Reeves* Lawsuits. As a result, a present justiciable controversy exists regarding Allmerica Financials' rights and obligations, if any, with regard to these claims.

## COUNT I

### (INSURING AGREEMENT- BANES LAWSUIT)

36. Allmerica Financial adopts and incorporates by reference paragraphs 1-35 as though fully set forth herein as this paragraph 36.

37. The Insuring Agreement of the Commercial General Liability Coverage Form contained in the Allmerica Financial Policy states, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and "settle any claim or "suit" that may result. . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" . . .

\*\*\*

38. As amended by the Small Commercial Liability Companion Endorsement, "property damage" is defined as:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

39. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

40. In the Banes Complaint, the Banes allege defective workmanship, faulty construction, and breach of contract, which do not constitute an "occurrence." The Banes also do not allege damages because of "property damage," as required to invoke coverage under the Allmerica Financial Policy.

41. The Banes Lawsuit is therefore outside the scope of coverage provided by the Allmerica Financial Policy and Allmerica can have no obligation to defend, indemnify or otherwise provide coverage to York or Garret York against the Banes Lawsuit.

WHEREFORE, Plaintiff, Allmerica Financial Benefit Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Allmerica Financial has no obligation to defend or indemnify Defendants York Public Adjusting & Appraisal Services, Inc. or Garret York against the underlying claim asserted against them by and granting Allmerica Financial such other and further relief as this Court deems just and proper.

## COUNT II

### (INSURING AGREEMENT- REEVES LAWSUIT)

42. Allmerica Financial adopts and incorporates by reference paragraphs 1-41 as though fully set forth herein as this paragraph 42.

43. The Allmerica Financial Policy provides coverage only for amounts the Insured becomes legally obligated as damages because of "bodily injury" or "property damage" caused by an "occurrence."

44. The Reeves Plaintiffs seek declaratory relief and alleged economic losses incurred as a result of the York Defendants' alleged conduct. In Counts I and II, the Reeves Plaintiffs seek declaratory relief in the form of rescission of the public adjuster contract, and do not seek any compensatory damages. In Count III, the Reeves Plaintiffs allege a breach of fiduciary duty and seek declaratory relief and recovery for alleged economic loss.

45. The Reeves Lawsuit is therefore outside the scope of coverage provided by the Allmerica Policy because the Plaintiffs do not seek damages for "property damage" caused by an "occurrence, as required to invoke coverage." Allmerica therefore can have no obligation to defend, indemnify or otherwise provide coverage to York or Garret York against the Reeves Lawsuit.

WHEREFORE, Plaintiff, Allmerica Financial Benefit Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Allmerica Financial has no obligation to defend or indemnify Defendants York Public Adjusting & Appraisal Services, Inc. or Garret York against the underlying claim asserted against them by and granting Allmerica Financial such other and further relief as this Court deems just and proper.

## COUNT III

### (PROFESSIONAL SERVICES EXCLUSION)

46. Allmerica Financial adopts and incorporates by reference paragraphs 1-45 as though fully set forth herein as this paragraph 46.

47. By the Small Commercial Liability Companion Endorsement, the Policy contains a professional services exclusion which states that the Policy does not apply to:

> **Professional Services**
>
> "Bodily injury," "property damage," or "personal and advertising injury" caused by the rendering of or failure to render any professional service, advice or instruction:
>
> (1) By any insured; or
>
> (2) On behalf of any insured; or
>
> (3) From whom any insured assumed liability by reason of a contract or agreement
>
> regardless of whether any such service, advice or instruction is ordinary to any insured's profession.
>
> Professional services include but are not limited to:
>
> (4) Legal, accounting or advertising services, notary, title abstract, tax preparation, real estate, stockbroker, publishing, architects or insurance services.
>
> (5) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
>
> (6) Supervisory, inspection or engineering services;

***

48. The Banes Lawsuit alleges damages caused by the rendering of or failure to render professional services, advice or instruction. Accordingly, even if the claim were otherwise within the scope of coverage provided by the Insuring Agreement, the Professional Services Exclusion applies to preclude coverage. Accordingly, Allmerica Financial can have no obligation to defend, indemnify or otherwise provide coverage to the York Defendants against the Banes Lawsuit.

49. The Reeves Lawsuit alleges damages caused by the rendering of or failure to render professional services, advice or instruction. Accordingly, even if the claim were

otherwise within the scope of coverage provided by the Insuring Agreement, the Professional Services Exclusion applies to preclude coverage.  Accordingly, Allmerica Financial can have no obligation to defend, indemnify or otherwise provide coverage to the York Defendants against the Reeves Lawsuit.

WHEREFORE, Plaintiff, Allmerica Financial Benefit Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Allmerica Financial has no obligation to defend or indemnify Defendants York Public Adjusting & Appraisal Services, Inc or Garret York against the underlying claim asserted against them by and granting Allmerica Financial  such other and further relief as this Court deems just and proper.

## COUNT IV

### (BREACH OF CONTRACT EXCLUSION – BANES LAWSUIT)

50.   Allmerica Financial adopts and incorporates by reference paragraphs 1-49   as though fully set forth herein as this paragraph 50.

51.   Exclusion b. states, in pertinent part, that the insurance does not apply to:

b.   Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement . . .

\*\*\*

52.   The Banes  seek damages resulting from the York Defendant's alleged obligations pursuant to the  public adjuster contract and construction contract entered into by the parties. Accordingly, even if the claim were otherwise within the scope of coverage provided by the Insuring Agreement, Exclusion (b) applies to preclude coverage.   Accordingly, Allmerica Financial can have no obligation to defend, indemnify or otherwise provide coverage to the York Defendants against the Reeves Lawsuit.

WHEREFORE, Plaintiff, Allmerica Financial Benefit Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Allmerica Financial has no obligation to defend or indemnify Defendants York Public Adjusting & Appraisal Services, Inc. or Garret York against the underlying claim asserted against them by and granting Allmerica Financial such other and further relief as this Court deems just and proper.

## COUNT V

### (EXCLUSION J – BANES LAWSUIT)

53. Allmerica Financial adopts and incorporates by reference paragraphs 1-52 as though fully set forth herein as this paragraph 53.

54. Exclusion j states, in pertinent part, that the insurance does not apply to:

j.  Damage to Property

   "Property damage" to:

   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

***

55. The Banes allege that York is a "contractor" under the Home Repair and Remodeling Act, that York and Power Exteriors are related entities and/or share common ownership, and that the York Defendants are liable for the purportedly defective work performed by Powers. Accordingly, even if the claim were otherwise within the scope of coverage provided by the Insuring Agreement, Exclusion (j) applies to preclude coverage for all of some of the allegations contained in the Banes Lawsuit.

WHEREFORE, Plaintiff, Allmerica Financial Benefit Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Allmerica Financial has no obligation to defend or indemnify Defendants York Public Adjusting & Appraisal Services, Inc. or Garret York against the underlying claim asserted against them by and granting Allmerica Financial such other and further relief as this Court deems just and proper.

## COUNT VI

### (EXCLUSION L – BANES LAWSUIT)

56. Allmerica Financial adopts and incorporates by reference paragraphs 1-55 as though fully set forth herein as this paragraph 56.

57. Exclusion l provides that the insurance does not apply to:

l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

58. "Your work" is defined in the Allmerica Financial Policy as:

22. "Your work"

a. Means

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and

(2) The providing of or failure to provide warnings or instructions.

59. The Banes allege that York is a "contractor" under the Home Repair and Remodeling Act, that York and Power Exteriors are related entities and/or share common ownership, and that the York Defendants are liable for the purportedly defective work performed by Powers. They further allege that the York Defendants breached warranties of to perform in a workmanlike manner and of habitability. Accordingly, even if the claim were otherwise within the scope of coverage provided by the Insuring Agreement, Exclusion (l) applies to preclude coverage for all of some of the allegations contained in the Banes Lawsuit.

WHEREFORE, Plaintiff, Allmerica Financial Benefit Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Allmerica Financial has no obligation to defend or indemnify Defendants York Public Adjusting & Appraisal Services, Inc. or Garret York against the underlying claim asserted against them by and granting Allmerica Financial such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ *Jeffrey A. Goldwater*
One of the Attorneys for Plaintiff, Allmerica Financial Benefit Insurance Company

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
550 W. Adams Street
3rd Floor
Chicago, Illinois 60661
Ph. 312.463.3318
Fax: 312.345-1778
michelle.bracke@lewisbrisbois.com