IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLMERICA FINANCIAL BENEFIT, INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 22-cv-1345-JES-JEH ) |
| YORK PUBLIC ADJUSTING & APPRAISAL SERVICE, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, Allmerica Financial Benefit Insurance Company ("Allmerica"), proceeds on an Amended Complaint for Declaratory Relief (Doc. 15) and a Motion for Default Judgment (Doc. 16), asserting the Court's subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). In the declaratory action, Allmerica seeks a ruling that it has no obligation to indemnify or defend its insureds, York Public Adjusting & Appraisal Service, LLC, and Garret York, collectively ("York"), in two state law cases. In addition to naming York, Plaintiff has named Parker Bane; Angie Bane; Adam Reeves; 20958, LLC; Reeves Farm, LLC; and 29 Farms, LLC, as necessary parties as these Defendants have asserted the state law claims for which York seeks coverage. (Doc. 15 at 2).

Despite having been served, the York Defendants have neither answered nor appeared in this case. Allmerica seeks a default judgment against York, providing the Declaration of its counsel, Beth Ann Berger. Ms. Berger attests that on November 21, 2022, York was personally served with the Summons and Complaint. (Doc. 17-1). On December 12, 2022, Berger emailed a copy of the Summons and Complaint to counsel for York, with counsel acknowledging receipt, but failing to answer. The remaining Defendants Bane; Reeves; 20958, LLC; Reeves Farm, LLC;

1

and 29 Farms, LLC, have submitted a signed stipulation, agreeing to be bound by any judgment or ruling in this case and have waived any right to answer, plead or otherwise participate in this lawsuit (Doc. 11). For the reasons indicated herein, Allmerica's request for Declaratory Relief (Doc. 15) and Default Judgment (Doc. 16), is GRANTED in part and DENIED in part.

## STANDARD

Federal Rule of Civil Procedure 55 provides a two-step process for entry of a default judgment. Under Rule 55(a), a party must first move for an entry of default, which "is merely a formal matter and does not constitute entry of a judgment." *Crum & Forster Specialty Ins. Co. v. Spike's Pub & Grub*, No. 21-1722, 2023 WL 34673, at *2 (S.D. Ill. Jan. 4, 2023). A clerk's entry of default "'is recognition of the fact that a party is in default for a failure to comply with the rules' and 'is an interlocutory step taken in anticipation of a final default judgment under Rule 55(b)." *Dvore v. Casmay*, No. 06-3076, 2008 WL 4427467, at *4 (N.D. Ill. Sept. 29, 2008). An entry of default will not determine the parties' rights as "[t]hat role is reserved for a default judgment." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.,* 811 F.3d 247, 255 (7th Cir. 2016)

## FACTS

The amended complaint reveals that Garret York operated York Public Adjusting & Appraisal Services, LLC, a public insurance adjuster, which provided public adjusting services pursuant to 215 ILCS 5/1501 et seq. Allmerica insured York through Hanover Small Commercial Policy No. Z2CH988722 00, a Commercial General Liability policy of insurance (Doc. 1-1 at 11). Allmerica denies a duty to defend or indemnify York, asserting that the state law claims are excluded under various provisions in the insurance policy. In support, Allmerica provides the Declaration of Terrence Chew, Hanover Insurance Group Liability Adjustor, who is

responsible for handling the *Bane* and *Reeves* cases. Mr. Chew attests that the state law claims against York "fall outside of the scope of coverage of the Policy and/or are excluded from coverage." (Doc. 16-1 at ¶ 11). Allmerica moves for both a default judgment and declaratory judgment against the insureds.

    A.  The *Bane* Lawsuit

On June 9, 2022, Parker and Angie Bane filed a civil action against York and Power Exteriors n/k/a Iron Roofing, Inc., in McLean County, Illinois, in Case No. 2022-LA-0000074. The Banes pled that they entered into a written contract with York to assist them with an insurance claim for wind damage to their residence. York was to receive 15% of any insurance proceeds but would waive that amount if Plaintiff's agreed to use a contractor selected by York. Upon the recommendation by York, the Banes entered into a construction contract with Power Exteriors. The Banes pled in the state law action that the work done by Power Exteriors was substandard and unworkmanlike, requiring that they hire a second contractor to correct the work. They also alleged that York failed to pay over a $51,943.47 check issued to them by Allmerica. The Banes assert five causes of action against York: Breach of Contract; Breach of Implied Warranty to Perform In A Workmanlike Manner; Breach of Implied Warranty of Habitability; Violation of Consumer Fraud and Deceptive Business Practices Act Pursuant to the Home Remodeling Act; and Violation of Consumer Fraud and Deceptive Business Practices Act.

Allmerica pleads that the *Bane* claims are excluded from coverage under several policy definitions and exclusions. First among them is that coverage is limited to personal injury and property damage caused by an "occurrence." Occurrence is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Doc.1-1 at 169). Allmerica notes that the *Bane* litigation does not allege an "occurrence" as

contemplated under a policy of insurance, citing *Lexington Ins. Co. v. Chi. Flameproof & Wood Specialties Corp.*, 950 F.3d 976, 981 (7th Cir. 2020). There, the court held found that under the terms of an insurance policy, an "occurrence" was synonymous with "accident." The court found that "accident" was defined under Illinois law as "an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." The court found that where an injury "is the rational and probable consequence" of an act, it is not an "accident." *Id*. Allmerica claims that the alleged "defective workmanship, faulty construction, and breach of contract," do not constitute an "occurrence" or "accident" so as to come under the policy. (Doc. 16 at 11) ("the cost of repairing or replacing defective work is considered the natural and ordinary consequence of faulty workmanship and therefore not the result of an accident.") (citing *Lyerla v. AMCO Ins. Co*., 536 F.3d 684, 689-90 (7th Cir. 2008) (citing cases).

Allmerica also asserts the *Professional Services* exclusion contained in the *Small Commercial Liability Companion Endorsement* amendment to the policy. This provides an exclusion for claims arising from "the rendering of or failure to render any professional service, advice or instruction . . ." *Id*. at 12; (Policy Doc. 1-1 at 189). Allmerica also points to the *Contract Exclusion* under which is not obligated to "pay damages by reason of the [insured's] assumption of liability in a contract or agreement . . .". (Policy Doc. 1-1 at 131). Allmerica asserts that the *Bane* case sounds in contract, York's alleged violation of the public adjuster contract and construction contract.

Allmerica also denies coverage based on the claimed violation of the Home Repair and Remodeling Act, allegedly excluded under the *Damage to Property* clause. This provides that there is no coverage for damage to real property on which the insured "or any contractors or

subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations . . ." *Id*. at 14 (citing Policy 1-1 at 159).

Allmerica also raises the related *Damage to Your Work* exclusion. "*Your Work*" includes operations performed by the insured or on behalf of the insured; and specifically excludes coverage for "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of 'your work.'" *Id*. at 15 (citing Policy Doc. 1-1 at 170).

B.  The *Reeves* Lawsuit

On July 8, 2022, Adam Reeves, 20958 L.L.C., Reeves Farm L.L.C., and 29 Farms L.L.C. filed a civil action against York and Power Exteriors n/k/a Iron Roofing, Inc., in McLean County, Illinois, in Case No.2022-MR-000114. Plaintiff Adam Reeves claimed to have entered into a written agreement with York to assist him with a claim to Indiana Farms Mutual Insurance Company for wind and hail damage to several properties. The contracts purportedly provided that York would be paid an amount equal to the applicable insurance deductible. Plaintiffs allege that, despite agreeing to work for Reeves Farm L.L.C. and 29 Farms, L.L.C., York did not offer them a written contract in violation of the Illinois Public Adjusters Law.

Plaintiffs allege that after the contracts were executed by Defendant Adam Reeves, York altered the contracts to include a 25% adjusting fee, which would be waived if Adam Reeves used Power Exteriors. Plaintiffs allege that when insurer Indiana Farms issued a check in the amount of $105,327.76, York paid over $81,502.47 to Power Exteriors, even though the Plaintiffs had not entered into a construction contract with Power Exteriors. In addition, Auto-Owners issued checks for $1,259.86 and $3,342.20 to Power Exteriors, despite the absence of such a contract. The *Reeves* Plaintiffs also allege that York wrongfully retained 25% of those proceeds.

5

The *Reeves* Plaintiffs asserts that when they placed York on notice of the alleged breaches, York refused to handle their claims and refused to release Adam Reeves and 20958 LLC from the contracts so that they could negotiate directly with their insurers. They have asserted causes of action against York for Breach of Fiduciary Duties, requesting Declaratory Relief and Rescission.

Allmerica asserts that it has no duty to defend or indemnify the York Defendants in the *Reeves* lawsuit as the claims are excluded under several policy definitions and exclusions. Allmerica reasserts the "occurrence" defense, that the *Reeves* complaint does not allege "an accident" as is required for coverage. In addition, as the lawsuit pleads claims for declaratory relief and breach of fiduciary duty, it does allege either personal injury or property damage so as to come under the policy. Allmerica also reasserts the "*Professional Services*" exclusion, claiming that the *Reeves* lawsuit pleads injury "caused by the rendering of or failure to render professional services, advice or instruction." (Doc. 1 at 12). *See Reeves* Complaint (Doc. 1-1 at 4), pleading that the Plaintiffs hired York "to advise and assist the insured in the adjustment of the insurance claim arising from loss by hail/wind damage."

## ANALYSIS

### A. The Duty to Defend

On March 24, 2023, Allmerica filed a motion for a default order and a motion for default judgment. The Court granted the first motion, and the clerk issued an entry of default on April 14, 2023. Allmerica now seeks to proceed to the second step, a default judgment. When considering a Rule 55(b) motion for default judgment, the Court considers admitted those well pleaded facts of the complaint relating to liability. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded

allegations of a complaint relating to liability are taken as true."). *See also In re Uranium Antitrust Litigation*, 473 F. Supp 382, 391 (N.D. Ill. 1979) ("Under Rule 8(d), F.R.Civ.P., the factual allegations of the complaint except as to the amount of damages were deemed admitted when these defendants failed to appear and answer the complaint . . .Those allegations, in effect, become findings of fact without a trial.").

The York Defendants have not answered and have not contested the entry of a default judgment. As noted, the remaining Defendants have agreed to be bound by this Court's orders, waiving appearance and notice. The Court finds that Terrence Chew's Declaration and the allegations of the amended complaint, deemed admitted due to York's default, adequately establish that Allmerica has no duty to defend. *See Admiral Ins. Co. v. J.R. Plaza Hotel II, Inc.*, No. 19-07468, 2021 WL 4819501, at *2 (N.D. Ill. Oct. 15, 2021) (finding no duty to defend where defendant was in default and the allegations of the plaintiff insurer's complaint were to be accepted as true.); *Crum & Forster*, 2023 WL 34673, at *4 (granting declaratory relief where defendants were in default and failed to dispute insurer's claim that lack of "occurrence" precluded coverage).

The Court herby enters a default judgment to the extent it finds that Allmerica does not have a duty to defend York in the state lawsuits. As it makes this finding, it need not discuss the motion for a declaratory judgment asserting this same issue. The Court will now consider Allmerica's Default Judgment and Declaratory Judgment requests on the issue of indemnification.

### B. The Duty to Indemnify

The duty to defend is broader than the duty to indemnify and courts will "often rule on both duties at the same time …" *Admiral Ins. Co.*, 2021 WL 4819501, at *4. Whether there is a

duty to defend "is most often determined primarily, if not exclusively, from the face of the underlying complaint" and the court need not "immerse itself in the facts surrounding the incident in question." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693–94 (7th Cir. 1995) (internal citations omitted). Allmerica asserts that it does not have a duty to indemnify York, claiming various policy exclusions.

"In Illinois, '[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies.'" *Crum & Forster*, 2023 WL 34673 at *2 (citing *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021)). "In an insurance coverage dispute, the burden is initially on the insured party to show that its losses are covered under the policy's coverage terms." *Id.* at *3. "Both an insurance policy and an underlying complaint are liberally construed in favor of the insured." *Id.* (citing *Church Mut. Ins. Co. v. Prairie Vill. Supportive Living, LLC*, No. 21 C 3752, 2022 WL 3290686, at *3 (N.D. Ill. Aug. 11, 2022). A question as to the scope of coverage is a "pure question of law" to which "traditional principles of contract interpretation apply." *Am. Bankers Ins. Co. of Florida v. Shockley,* 3 F.4th 322, 327 (7th Cir. 2021).

Allmerica asserts that the allegations of the *Bane* and *Reeves* complaints concern the failure to provide contracted-for professional services, conduct excluded under the *Professional Services*, the *Contract*, and the *Damage to Your Work* exclusions. Allmerica denies a duty to indemnify, claiming that the *Bane* and *Reeves* plaintiffs have not pled personal injury or property damage which arose from an "occurrence," as defined under the policy. Allmerica has also provided the Chew Declaration attesting that the claims fall outside the policy coverage. A court should, however, refrain from ruling on a duty to indemnify unless it is "***clear that the insured cannot be held liable under any theory*** that could potentially fall within the coverage of

8

the policy." *Admiral Ins. Co.*, 2021 WL 4819501, at *4, (citing *Nationwide Ins.*, 52 F.3d 693 n.5) (emphasis in original). If an amendment to the complaint could potentially make the issue less clear, "the prudent thing for the court to do is to refrain from comment on the duty to indemnify." *Id*. (finding "there are various conceivable scenarios under which the duty to indemnify could be triggered in the absence of a duty to defend."). *See also Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("A conclusion that the insurer must defend does not imply that it must indemnify; because of the possibility that the legal theory of the underlying suit may change, a conclusion that the insurer need not defend does not imply that it need not indemnify").

The Court declines to rule on this issue for the additional reason that the duty to indemnify is premature and not justiciable. *Admiral Ins. Co.* 2021 WL 4819501, at *2 ("Because the issue of [defendant's] liability in the state court case has not been decided, there is no "actual controversy" as to whether Plaintiff must indemnify . . . Put another way, Plaintiff's obligation to indemnify [defendant] is, at this point, speculative . . ."). "In the Seventh Circuit, the 'general rule' is that "a suit to determine an insurer's obligations to indemnify its insured is premature until the insured has been determined to be liable to somebody." *Id.* at *4–5 (citing *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992)). The "duty to indemnify [is] unripe until the insured has been held liable." *Id.* at *5 (citing *Citizens Ins. Co. of Am. v. Thermoflex Waukegan, LLC*, 588 F. Supp. 3d 845, 856 (N.D. Ill. 2022)).

There is the additional issue that a court "generally cannot 'decide issues of ultimate fact that could bind the parties to the underlying litigation.'" *Id*. at *5 (citing *Shockley*, 3 F.4th at

331). "[U]nder the *Peppers* doctrine[1], a court considering a declaratory judgment generally cannot 'decide issues of ultimate fact that could bind the parties to the underlying litigation. . . In other words, the question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it." *Shockley*, 3 F.4th at 331.

## CONCLUSION

Allmerica's Motions for Declaratory Judgment (Doc. 15) and Default Judgment (Doc.16) are GRANTED in part and DENIED in part. They are GRANTED to the extent the Court finds Allmerica does not have a duty to defend the York Defendants in the *Bane* and *Reeves* state court lawsuits. (Doc. 15) and (Doc. 16) are DENIED without prejudice as premature as they request findings as to Allmerica's duty to indemnify. *See Crum & Forster*, 2023 WL 34673 at *5. As these remaining claims are premature and not justiciable, this case is DISMISSED without prejudice to being reasserted in the event the indemnity issue ripens. The Clerk is directed to close this case.

ENTERED this 2nd day of May, 2023.

                                                            s/James E. Shadid
                                                            JAMES E. SHADID
                                       UNITED STATES DISTRICT JUDGE

---

[1] *Maryland Cas. Co. v. Peppers*, 355 N.E.2d 24, 30 (Ill. 1976) (holding it "improper" for a trial court to find in a declaratory judgment action, that the insured in the underlying lawsuit acted intentionally). *See id.* ("This issue was one of the ultimate facts upon which recovery is predicated in the [underlying] personal injury action . . .").